Taylor Tieman (SBN 305269)
ttieman@consumerlawcenter.com
Krohn & Moss, Ltd.
1112 Ocean Drive, Suite 301
Manhattan Beach, CA 90266
Tel: (323) 988-2400
Fax: (866) 861-1390

Attorney for Plaintiff, MATTHEW ROTH

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MATTHEW ROTH, | ) Case No.: |
| | ) |
| | ) **COMPLAINT** |
| Plaintiff, | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| v. | ) |
| | ) |
| CHASE BANK USA, N.A., | ) |
| | ) |
| Defendant. | ) |

MATTHEW ROTH ("Plaintiff"), by his attorneys, KROHN & MOSS, LTD., alleges the following against CHASE BANK USA, N.A. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code §1788 *et seq.*

2. Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act ("TCPA"), 28 U.S.C. §227 *et seq.*

///

///

**JURISDICTION AND VENUE**

3. Jurisdiction of this court over Count II of Plaintiff's Complaint arises pursuant to 15 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained in Count I.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Plaintiff is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).

8. Defendant is a business entity with a principal place of business in Wilmington, Delaware.

9. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Plaintiff acquired a credit card from Defendant which was used for personal, family, and household purposes.

12. Defendant subsequently began calling telephone number ▮▮▮▮▮▮▮▮.

13. Telephone number ▮▮▮▮▮▮▮▮ is assigned to Plaintiff's cellular telephone.

14. The purpose of these calls was to collect funds from Plaintiff for purchases arising from the credit card.

15. Upon information and belief based on the frequency, number, nature, and character of these calls, Defendant placed each of its calls to Plaintiff using an automatic telephone dialing system or other equipment that hast the capacity to store and/or produce telephone numbers.

16. On May 30, 2016, at approximately 9:18 AM, Plaintiff spoke with one of Defendant's employees and instructed Defendant to stop calling his cell phone number.

17. Defendant called Plaintiff's cell phone after May 31, 2016.

18. Defendant used an automatic telephone dialing system to place these calls.

19. Since May 30, 2016 Defendant called Plaintiff's cell phone at least one hundred three (103) times.

20. On multiple occasions, Defendant called Plaintiff's cell phone three (3) times in a single day.

21. Defendant left prerecorded messages for Plaintiff.

22. Defendant voluntarily and willfully used an automatic telephone dialing system to place these calls.

23. Defendant intended to use an automatic telephone dialing system to place these calls to Plaintiff.

24. Defendant knew Plaintiff instructed it to stop calling.

25. Defendant did not have Plaintiff's prior express consent to use an automatic telephone dialing system to place these calls.

26. Defendant knew Plaintiff revoked consent for it to use an automatic telephone dialing system to call his cell phone.

27. Plaintiff feels annoyed and harassed by Defendant's continued calls to his cell phone despite his instructions for the calls to stop.

///

# COUNT I
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant violated the Rosenthal based on the following:

    a. Defendant violated the § 1788.11(d) of the Rosenthal by causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called.

    b. Defendant violated § 1788.11(e) of the RFDCPA by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances

    c. Defendant violated the §1788.17 of the Rosenthal by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*. to wit: Sections 1692d.

WHEREFORE, Plaintiff, MATTHEW ROTH, respectfully requests judgment be entered against Defendant, CHASE BANK USA, N.A., for the following:

29. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

30. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

31. Any other relief that this Honorable Court deems appropriate.

# COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

32. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory

- 4 -

PLAINTIFF'S COMPLAINT

damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MATTHEW ROTH, respectfully requests judgment be entered against Defendant, CHASE BANK USA, N.A., for the following:

34. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

35. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

36. All court costs, witness fees and other fees incurred; and

37. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: April 12, 2017

KROHN & MOSS, LTD.

By:   /s/ Taylor Tieman
      Taylor Tieman
      Attorney for Plaintiff